Per Curiam.

Mandamus is an extraordinary remedy, and to maintain successfully an action in mandamus it is incumbent on the relator to show that he has no adequate remedy at law and that the person *62 or persons against whom the issuance of the writ is asked have failed to perform a duty specially enjoined on them by law.
This court is of the opinion that the principle announced and applied in the case of State, ex rel. Hile, a Taxpayer, v. Zangerle, Aud., 132 Ohio St., 523, 9 N. E. (2d), 292, is largely determinative of the instant controversy. An examination of the record in that case discloses that both real and personal property were involved. With respect to the instant case, the material difference between the statutory law in force when' the Hile case was decided and the statutory law which-is applicable to the present case is that certain duties with respect to taxation, which formerly devolved upon the Tax Commission, are now divided between the Tax Commissioner and the Board of Tax Appeals.
As pointed out in the opinion of the Court of Appeals herein, a county auditor presently acts under the direction of the Board of Tax Appeals with respect to real property, whereas with respect to personal property he acts under the direction of the Tax Commissioner.
Section 5616, General Code, reads as follows:
“Any person, board or officer authorized by this act to file complaints with the county board of revision may complain to the Tax Commission of Ohio at any time: prior to the thirty-first day of December in any year, of the determination of a county auditor respecting the liability of any property to taxation in that year, or its exemption therefrom. The commission shall hear such complaint and determine whether the property complained of is subject to taxation and certify -its findings to the county auditor, who shall correct the tax list and duplicate accordingly.”
Under this section, relator had the right to complain to the Board of Tax Appeals with respect to the fail *63 nre of the Cuyahoga county auditor to place the real estate of the city of Cleveland, described in the second, amended petition, on the tax list and duplicate, but he did not exercise that right.
Section 5609, General Code, recognizes the right of any taxpayer to file a complaint with the county auditor respecting the valuation or assessment of property on the tax duplicate. The county auditor is then required to lay the complaint before the county board of revision for action. Reading such section in conjunction with Section 5616, General Code, we believe the relator, as a taxpayer, occupies a status which enables him to invoke the latter section and make a direct complaint to the Tax Commissioner concerning the failure of the county auditor as the deputy or agent of the Tax Commissioner (Section 5372-3, General Code) to list and assess the personal property described in the second amended petition. In such event, the final determination of the Tax Commissioner thereon would have been subject to review by the Board of Tax Appeals under Section 5611, General Code, and from the decision of the board an appeal might have been taken to this court under Section 5611-2, General Code. The relator did not avail himself of this statutory procedure.
However, the relator insists he could not proceed under Section 5616, General Code, because there was no “determination” by the county auditor, within the meaning of that section, with respect to the taxability of the described property. It seems to us that the fact that the county auditor did not place such property on his records as taxable assets of the municipality for the years in issue constitutes a “determination” on his part that such property enjoyed an exempt status and was, therefore, not subject to taxation.
Since the relator herein did not pursue the remedies *64 afforded him by law, he could not successfully resort to an action in mandamus to accomplish the end sought, and the Court of Appeals properly dismissed his petition. On such ground, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton, Matthias, Hart and Zimmerman, JJ., concur.